HALLAM et al. v. DUCKWORTH. (No. 937.)

(Court of Civil Appeals of Texas. El Paso. Feb. 20, 1919.)

1. SALES �köm418(2)—SELLER'S FAILURE TO DELIVER—MEASURE OF DAMAGES.

The measure of the buyer's damages for seller's breach of contract to deliver wheat f. o. b. cars at certain station within certain time is the difference between the contract price and the market price of the wheat f. o. b. cars at such station, at the time delivery was to have been made.

2. APPEAL AND ERROR ⊦köm1054(1)—REVIEW—HARMLESS ERROR—INADMISSIBLE EVIDENCE.

In buyer's action, tried before court without jury, for seller's failure to deliver wheat at certain station within certain period, the admission of evidence of the market value of wheat at other stations was harmless, where no damage would be shown by accepting the market value at such other stations.

3. APPEAL AND ERROR ⊦köm1054(1)—REVIEW—HARMLESS ERROR.

In trials before the court, the admission of improper evidence will not require reversal, where it clearly appears that it did not influence the judgment.

4. SALES ⊦köm417—SELLER'S FAILURE TO DELIVER—ACTION BY BUYER.

Buyer, suing seller for breach of contract to deliver wheat f. o. b. cars at certain station within certain time, was not entitled to judgment for damages, where he introduced no evidence of the market value of wheat at such station, notwithstanding evidence of market value at point of destination and at other stations.

5. APPEAL AND ERROR ⊦köm1033(3)—ERRORS FAVORABLE TO APPELLANT—RIGHT TO COMPLAIN.

Buyer, having recovered judgment against seller, and having introduced no relevant testimony entitling him thereto, cannot complain on appeal of the admission of inadmissible testimony, on which such judgment was based.

6. CARRIERS ⊦köm44—FAILURE TO DELIVER CAR—CANCELLATION OF ORDER—LIABILITY.

A railroad is not liable for damages for failure to furnish car on seller's breach of contract requiring him to deliver goods f. o. b. cars at certain station within certain time, where seller had canceled order for car prior to expiration of time within which he could have made delivery under his contract with buyer.

Appeal from Young County Court; W. P. Stinson, Judge.

Action by R. G. Hallam against W. Duckworth, in which the defendant impleaded the Gulf, Texas & Western Railway Company. From a judgment for plaintiff, for less relief than demanded, plaintiff appeals; and from a judgment for defendant against the Railway Company, the Railway Company appeals. Judgment for plaintiff affirmed, and judgment for defendant against the Railway Company reversed, and rendered for the Company.

Ritchie & Cousins, of Mineral Wells, Ben B. Cain, of Dallas, and Fred T. Arnold, of Graham, for appellants.

Marshall & King, of Graham, for appellee.

HIGGINS, J. Hallam sued Duckworth to recover the sum of $264 damages arising from breach of contract of sale. Duckworth impleaded the Gulf, Texas & Western Railway Company, and sought judgment against it for any amount which might be recovered by Hallam. Upon trial before the court without a jury, Hallam recovered judgment for

$54 against Duckworth. Duckworth recovered in like amount over against the Railway Company. Hallam and the Railway Company appeal. The appeal of Hallam will be first considered.

On October 9, 1916, Hallam purchased of Duckworth a carload of wheat, to contain not less than 600 bushels, to be delivered f. o. b. cars at Jean, Tex., a station on the line of said railway company. The agreed price was $1.56 per bushel. Duckworth failed wholly to deliver the wheat. In his pleading, Hallam alleged that the wheat was to be delivered within 10 days from October 9th, but upon the trial testified that it was for immediate shipment, which in their trade meant from 10 to 15 days.

The trial court found that the market price of wheat on October 9th was $1.56 per bushel, and 10 days thereafter the market price was 9 cents per bushel higher which entitled the plaintiff to recover the sum of $54.

[1] Appellant Hallam presents only one assignment, as follows:

"The court below erred in permitting the witnesses Chas. Hinson and George Terrell to testify, over the objection of plaintiff, that there was a market for wheat at Graham, Tex., and at New Castle, Tex., on October 19, 20, 21, and 22, 1916, and that wheat of the character of that in controversy was worth on the market at those places and at that time the sum of $1.56 per bushel, because it was shown by said witnesses that there was no open market for wheat at said points, and because said wheat was not to be sold on the market at New Castle or at Graham, but was to be shipped to Ft. Worth and sold on the market at that place, and because said witnesses testified that they did not know what the market at Ft. Worth was on said dates, but estimated the same as being from 5 to 10 cents per bushel more than at Graham and New Castle, and because said testimony was speculative, irrelevant, and immaterial, and based on the presumption of the witnesses from their previous experiences, in buying wheat at Graham and New Castle and Ft. Worth."

The proper measure of damage in this case was the difference between the contract price and the market value of the wheat, f. o. b. cars at Jean, at the time the delivery was to be made. See cases cited, 15 Michie, Digest, 517.

[2, 3] This being the measure of damage, the evidence was inadmissible; but, since the case was tried before the court, its admission was harmless. In trials before the court the admission of improper evidence will not require reversal, where it clearly appears that it did not influence the judgment. See cases cited, 1 Michie, 813. It is quite apparent the evidence did not influence the judgment, for, if the court had taken the market value at Graham and New Castle as a basis of calculation, it would not have shown any damage.

[4, 5] In fact, there was no evidence adduced of market value at Jean, and in this state of the record plaintiff failed to show any damage. Plaintiff testified to market values upon the open market at Ft. Worth at the time the wheat would have reached there, if delivered by Duckworth at Jean at the time agreed upon. But this was no more relevant than testimony of values at Graham and New Castle. In the state of the evidence, the court should have rendered judgment against plaintiff. But Duckworth did not appeal and is not complaining, and since plaintiff has gotten a judgment for $54, when, upon the evidence, he should have recovered nothing, we do not see how he can very well complain of the admission of immaterial evidence of the nature indicated and ask a reversal upon that ground.

Passing to the appeal of the railway company, only the eighth and ninth assignments need be considered. They are as follows:

Eighth: "The court erred in finding that the defendant, Duckworth, canceled the order for the car in question after the expiration of 10 days from the date on which the order had been made, because such finding is contradictory to, and is not supported by, the evidence."

Ninth: "The court erred in finding that the only reason defendant, Duckworth, failed to deliver the wheat in question to the plaintiff, Hallam, was on account of the alleged failure of this defendant to furnish a car, for the reason that it conclusively appeared from the evidence that the order for said car was canceled long prior to the expiration of the 10 days within which the defendant, Duckworth, was to deliver said wheat."

The supporting proposition reads:

"Defendant Duckworth's obligation being to deliver the wheat in 10 days, and having, according to the uncontradicted evidence, canceled the order for the car prior to the expiration of such time, he is not entitled to recover against this defendant."

[6] It is undisputed that the car was ordered October 9th. Duckworth's pleading and the undisputed evidence shows he had at least 10 days from October 9th within which he could make delivery of the wheat to Hallam. According to Hallam's testimony, he had as much as 15 days to make delivery. Manifestly, if he canceled his order for the car prior to the expiration of the time within which he could make delivery, and thereby placed it beyond his power to comply with his contract with Hallam, he should not recover of the railway company, upon the theory that the railway company had refused to furnish the car within the limited time. Certainly the railway was under no obligation to furnish the car after the order therefor had been canceled. Upon the contrary, it then became the duty of the railway not to furnish the car. The car records of the railway company show that the order was canceled on October 11th. Its chief dispatcher and its agent at Jean testified that the cancellation was made on that date.

Duckworth, upon direct examination, testified that Mr. Brooks, from whom he had purchased the wheat, was in his store about 10 days after the purchase, and that the cancellation was made at that time; but later in his cross-examination he definitely fixed the date that Brooks was in his store, and the date of cancellation, as October 17th.

Brooks testified that the car was ordered on Monday, and about 10 days thereafter the cancellation was made by Duckworth in his presence. But later he definitely fixed the cancellation as on the following Friday, the 13th. So, according to the dates positively fixed, the cancellation was made not later than the 17th, which was only 8 days after the car was ordered. But, if it was as much as 10 days, it would make no difference, because according to Hallam's testimony, under the terms of his contract with Duckworth, the latter had from 10 to 15 days after October 9th within which to make delivery. Under the undisputed testimony, it thus appears that, prior to the expiration of the time within which he was required to make delivery, Duckworth by his own act had made it impossible to deliver the wheat f. o. b. car. His failure to obtain a car within the time required by his contract was directly caused by his own act, and the railway company was not responsible therefor.

The judgment in favor of Hallam is affirmed; that in favor of Duckworth against the railway company is reversed, and here rendered in favor of the company.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes